930 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lafonza E. WASHINGTON, Joan A. Washington, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 90-2094.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1991.
 
 1
 Before KENNEDY and RYAN, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Lafonza E. Washington and Joan A. Washington, pro se taxpayers, appeal the decision of the United States Tax Court finding a deficiency in their Federal income tax for the tax year ending December 31, 1985, in the amount of $5,727.80. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Through an error made by the second holder of the mortgage on their house, the Washingtons' monthly mortgage payments were reduced to an amount which failed to cover taxes and insurance owed upon the property. Consequently, after the mortgage was transferred to Lomas and Nettleton Company in February 1981, a deficit of $1,133 was discovered in the escrow account set up to pay those expenses. Lomas and Nettleton notified the Washingtons of the error and set a new payment schedule which increased their monthly payments to the amount originally established when the Washingtons first purchased the property, and added an amount which would pay off the escrow deficit over time. The Washingtons refused to pay this amount, sending checks to cover only the reduced payment erroneously calculated by the previous mortgage holder.
 
 
 4
 On January 15, 1982, Lomas and Nettleton conducted a foreclosure sale on the property and evicted the Washingtons from the house on October 28, 1984. The Washingtons regained possession of the house pursuant to a temporary restraining order issued by a Michigan circuit court, but lost their challenge to the foreclosure sale in Federal district court and bankruptcy court. Thereafter, on January 14, 1985, the Washingtons were again evicted from the property pursuant to court order.
 
 
 5
 For the loss of their home, the Washingtons claimed a casualty or theft loss deduction in the amount of $39,000 on their income tax return for 1985. The Internal Revenue Service disallowed the deduction and mailed a notice of deficiency, dated October 5, 1988, in the amount of $5,727.80. The Washingtons timely challenged the deficiency in a petition filed with the Tax Court on November 21, 1988. Following a hearing on February 6, 1990, the Tax Court held that the Washingtons had failed to prove that the court-ordered foreclosure sale of the property qualified as a casualty or theft loss within the meaning of 26 U.S.C. Sec. 165(c)(3). The Tax Court thus upheld the deficiency in the amount calculated by the IRS in its decision filed on July 26, 1990.
 
 
 6
 On appeal, the Washingtons argue that the loss is deductible under Sec. 165(a) and (c) as a loss incurred in a trade or business, incurred in a transaction entered into for profit, or resulting from casualty or theft. The Washingtons also argue that the Tax Court incorrectly stated some of the facts and failed to give them adequate time to argue their case. They seek reversal of the Tax Court's decision, compensation for expenses, and miscellaneous injunctive relief.
 
 
 7
 We affirm the decision of the Tax Court because the Washingtons have failed to show that the IRS's determination of the tax deficiency is erroneous. Biggs v. Commissioner, 440 F.2d 1, 4-5 (6th Cir.1971).
 
 
 8
 The Washingtons' claims that their property loss qualifies for a deduction under Sec. 165(c)(1) or Sec. 165(c)(2) were not initially presented to the Tax Court and are thus not reviewable on appeal. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 9
 The Tax Court correctly found that the foreclosure sale of the Washingtons' house was not a casualty or theft loss within the meaning of Sec. 165(c)(3). Campbell v. Commissioner, 504 F.2d 1158, 1163 (6th Cir.1974); Farcasanu v. Commissioner, 436 F.2d 146, 148-49 (D.C.Cir.1970); Vance v. Commissioner, 36 T.C. 547, 551 (1961).
 
 
 10
 Finally, the Washingtons complain that they were granted only thirty minutes in which to state their case. However, the transcript shows that they were thirty minutes late for the hearing, and so caused their own time problem.
 
 
 11
 The record shows no factual or legal error committed by the Tax Court. Accordingly, the Tax Court's decision is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation